By the Court.—Curtis, J.
This action is brought to recover the value of certain baggage claimed to have been delivered on August 17, 1869, to the defendants, at their warehouse in the city of Hamburgh, to be transported to New York on board the steamship Saxonia. The baggage lost consisted of a linen case containing bedding, a large sack and two small ones, and three pieces of cloth, none exceeding three yards and a half in length. The delivery to the defendants at Hamburgh of the linen case was proved, and on the arrival of the vessel in New York it was missing. This case was not included in a receipt that was given, plaintiff for other baggage at Hamburgh contained in a box.
The plaintiff testified as to the value of the articles lost, the pieces of cloth and clothing from her own knowledge as a dressmaker, and the jury were enabled to arrive at the value of the bedding and linen case from her evidence of the value of the feathers, linen, cloth, and making up.
The defendants objected to the plaintiff showing the contents of the case of bedding, and claimed that if she was entitled to recover for the bedding she was not en *523 titled to recover for the articles of wearing apparel, which, they said, were secreted therein.
I think the court properly overruled these objections. It was the plaintiff’s right to prove the contents of the case to establish her loss, and there is no evidence that the articles of clothing were placed there with any other intent than for the ordinary convenience of transportation. They were of small value, as well as the pieces of stuffs for the plaintiff’s dress. The defendants, if they had wished to set this up as a defense, should have had the complaint made more definite and certain, and then interposed it.
The defendants objected, that there was no contract proved for the carriage or delivery of this package, and excepted to the ruling of the court. There is not much force in this exception, for it seems to be well settled that the law raises an implied contract on the part of carriers, like the defendants, of passengers, that their baggage shall be safely transported and delivered to them, the same being such as a traveler ordinarily carries with him for his personal convenience (Angel on Common Carriers, § 115). The plaintiff was a steerage passenger, and as such was required to supply her own bedding by the defendants on the voyage, and there is a manifest propriety that bedding should be considered a part of such baggage, under these circumstances, as the law protects a passenger in-carrying and gives a right to recover for if lost.
The defendants objected that there was no competent evidence of value, that the plaintiff was not an expert, and only knew their value from their cost in Germany. The plaintiff was a dressmaker, and apparently knew the value of clothing and of materials for bedding. Her testimony furnished proof sufficient for the jury to arrive at an estimate of the value of the missing property of the plaintiff, and which the verdict shows was not an unjust one. There is no reason for setting *524 aside the verdict as against evidence. On the contrary, this appears to be a. just demand, and there is no appearance of fraud, or of a disposition to recover more than the fair value of baggage misplaced or lost by the defendants. The latter did not contest the values put upon the respective articles by the plaintiff by. introducing any evidence to that effect.
For these reasons, it seems to me that the judgment and order denying a motion for a new trial should be affirmed, with costs.